# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KINDRED HOSPITALS EAST, L.L.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 14-1342 |
| v. | ) ) | Judge Cathy Bissoon |
| AETNA LIFE INSURANCE COMPANY, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Defendants' Motion to Dismiss (Doc. 12) will be denied without prejudice, and the parties will be directed to engage in limited, expedited discovery regarding the allegations and issues addressed in Defendants' Motion.

Plaintiffs (collectively, "Kindred") have brought this action in diversity, alleging that Defendants (collectively, "Aetna") have failed to adequately pay Kindred for medical care it provided to two individuals insured by Aetna ("the patients"). *See generally* Compl. (Doc. 1). Kindred and Aetna have no direct contractual relationship, but they both participate in a third-party healthcare network operated by MultiPlan, Inc. ("MultiPlan"). *See id.* Kindred alleges that Aetna has under-paid pursuant to the rates agreed upon through MultiPlan. Based on the figures stated in the Complaint, Kindred claims to have been underpaid by approximately $23,000 regarding the first patient, and by approximately $77,000 regarding the second. *See id.* at ¶¶ 14, 22. As theories of recovery, Kindred claims to be a third-party beneficiary under the agreement between Aetna and MultiPlan (Count I); and it asserts claims for breach of an implied-in-fact contract, misrepresentation and promissory estoppel (Counts II-V), all flowing from the

inclusion of "MultiPlan" insignia on the patients' Aetna health-insurance membership cards. *See id.*

Aetna's Motion to Dismiss levels both substantive and ERISA preemption-related challenges. In response, Kindred repeatedly asserts that Aetna's arguments are premature and/or that more information is needed for Kindred properly to resist Aetna's Motion. *See, e.g.*, Kindred's Opp'n Br. (Doc. 17) at 2, 7-8 (arguing that preemption issue is premature, and that Aetna's submission to Court of ERISA plans between patients and Aetna is inappropriate under Rule 12(b)(6)) *and id.* at 17-18 (complaining that Aetna's submissions regarding amendments to agreement between Aetna and MultiPlan, purportedly disclaiming third-party beneficiary interests, comprise "[a] jumble of agreements," many unsigned by Aetna, with no clear indication that they relate to matters in dispute).

The Court agrees with Kindred, to this extent: resolving the parties' disputes on the current record would be unwise, both for the purposes of finality and potential appellate review. Aetna's arguments present potentially thorny issues regarding ERISA-preemption, and the case law, arguably, has been inconsistent. Both sides have explained why the jurisprudence unfavorable to them is unsatisfying, and their arguments are not entirely baseless. *Compare* Our Lady of Lourdes Health Sys. v. MHI Hotels, Inc. Health & Welfare Fund, 2009 WL 4510130, *3-4 (D. N.J. Dec. 1, 2009) (finding preemption through somewhat-conclusory analysis) *with* Aetna Life Ins. Co. v. Huntingdon Valley Surgery Ctr., 2015 WL 1954287, *6-7 (E.D. Pa. Apr. 30, 2015) (denying motion to dismiss regarding preemption under analogous circumstances, but making clear that court may well "revisit" preemption once discovery revealed "more details about the specific circumstances, billings, and ERISA plans") *and* at *8-9

(relying on doctrine of "patent ambiguity" to suggest that explicit disclaimer of third-party beneficiary interests was non-dispositive).[1]

Rather than resolve the parties disputes on an incomplete record, and over Kindred's objection, the Court instead will order the parties to engage in limited, expedited discovery regarding the allegations and issues addressed in Defendants' Motion. The parties will be afforded 60 days, and they must make all reasonable, good-faith efforts to cooperate so that the relevant information will be exchanged within that period.

The parties also should confer and consider whether this case should, in advance of limited discovery, proceed to early-ADR. Given the relative value of the alleged underpayments (approximately $100,000, total, according to the Complaint), the Court wonders whether it is in the parties' best interests to expend the time and resources necessary to bring this case to a true and final resolution. If the parties are inclined to agree, the Court is willing to stay discovery during the ADR process, and early-ADR will be deemed to satisfy the parties' compliance requirements under Local Rule 16.2.

Should the parties elect to engage in early-ADR, they shall, by **June 19, 2015**, file an ADR Stipulation as found on the Court's Website (http://www.pawd.uscourts.gov/Applications/pawd_adr/Pages/ADRInfo.cfm). All information must be provided (no "blank" entries), and, absent express agreement to the contrary, persons with **full** settlement authority shall be present.

---

[1] In this Court's view, Kindred's responses to Aetna's third-party beneficiary arguments seem more persuasive, or at least better framed, than discussions regarding "patent ambiguity." See Kindred's Opp'n Br. (Doc. 17) at 15-18. In fairness, however, the undersigned has not reviewed the briefing in Huntingdon Valley, and the Court does not know how the issue was presented there.

If a compliant ADR Stipulation is filed, discovery will be automatically stayed for the duration of the ADR period, which shall be **45 days**.[2] If no settlement is reached, the stay of discovery will automatically lift and the parties will have 60 days from the close of ADR to complete it.

If either side declines to engage in early-ADR, the deadline for the limited, expedited discovery described above is **August 18, 2015**. Discovery shall be governed by the undersigned's Practices and Procedures (http://www.pawd.uscourts.gov/Documents/Judge/bissoon_pp.pdf), and these rules shall be read consistently with the instructions, spirit and intent of this Order.

Within 20 calendar days of the expiration of limited discovery, Aetna may renew its motion to dismiss, or, as appropriate, a motion for summary judgment, and Kindred shall respond to any such motion within 20 calendar days thereof.

Consistent with the foregoing, Defendants' Motion to Dismiss (**Doc. 12**) is **DENIED**.

IT IS SO ORDERED.

June 11, 2015                                  s\Cathy Bissoon
                                               Cathy Bissoon
                                               United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] Although discovery will be stayed, the parties should confer to discuss whether agreed-upon exchanges of information, pre-ADR, may enhance their likelihood of success.